**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LYNNE GIOE,

                            Plaintiff,

        - against -

AT&T INC.,

                            Defendant.
----------------------------------------------------------X

**ORDER**

CV 09-4545 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**    **INTRODUCTION**

Before the Court is Plaintiff's motion [DE 25] to compel Defendant to produce "any post-employment communications" between Defendant's counsel and a former employee of Defendant, Carl Done, who is scheduled to be deposed on September 21, 2010. Plaintiff asserts that such documents are needed (1) "to ensure that Mr. Done's deposition testimony will be given free from any influence exerted, intentionally or otherwise, by defendant and its counsel in regard to the content of such testimony;" and (2) "that, per applicable precedent, no privilege attaches to communications between a party's counsel and a former employee of that party that may operate either in aim or effect to imperil the sanctity of the testimony. . . ." *See* DE 25.

In opposition [DE 26], Defendant argues that counsel's "communications with Mr. Done relate to exploring this former employee's knowledge of his prior employment with AT&T Mobility, and accordingly are privileged." *See* DE 26. Defense counsel further maintains that the communications with Mr. Done have focused on gathering facts about "plaintiff's job performance, her selection for an employee layoff, and [Done's] interactions with her, all of which are directly relevant to the claims and defense in this matter[,]" and all of which "fall

squarely within the attorney client privilege." *Id*. Finally, counsel assert that "to the extent that our questioning of Mr. Done reflected our legal opinions, theories of the case, or thought processes, the communications are also immune from discovery pursuant to the work product doctrine." *Id*. (citation omitted).

## II.  DISCUSSION

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A communication between a corporate employee and corporate counsel is privileged only where (1) the communications at issue were made by a corporation's employee to counsel for said corporation, acting as such; (2) such communications were at the direction of corporate superiors in order to secure legal advice from counsel; (3) the communications concerned matters within the scope of the employee's corporate duties; and (4) the employee was sufficiently aware that he or she was being questioned in order that the corporation could obtain legal advice. *See Upjohn v. United States*, 449 U.S. 383, 394-395 (1981).

The attorney-client privilege continues to protect from disclosure privileged communications occurring during the period of employment, even after the employment relationship ends. *See Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005) ("Virtually all courts hold that communications between company counsel and former company employees are privileged if they concern information obtained during the course of employment."); *Price v. Porter Novelli, Inc.*, 07 Civ. 5869, 2008 WL 2388709, at *1 (S.D.N.Y. Jun. 11, 2008) ("Any privileged information obtained by [the former employee] during the course of her employment, remains privileged, notwithstanding her

2

departure from [defendant]."). Specifically, information obtained by the former employee during the period of employment, including information conveyed by counsel during that period, remains privileged. *See Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41 (D. Conn. 1999) (citing *In re Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361 n.7 (9th Cir. 1981) ("the attorney-client privilege is served by the certainty that conversations between the attorney and client will remain privileged after the employee leaves")). Further, "if the nature and purpose of [the] communications with [counsel] was to learn facts related to plaintiff's termination that [the witness] was aware of as a result of her employment, such communications are also privileged, whenever they occurred." *Peralta*, 190 F.R.D. at 41 (cited in *Nicholls v. Philips Semiconductor Manuf.*, No. 07 Civ. 6789, 2009 WL 2277869, at *2 (S.D.N.Y. Jul. 27, 2009)).

The scope of the privilege is not, however, unlimited. In *Peralta v. Cendant Corp.*, 190 F.R.D. 38 (D. Conn. 1999), the court considered a similar issue to the one presented here: "whether, under federal law, counsel for an employer can claim a privilege as to its attorney's communications in preparing an unrepresented former employee for deposition by opposing counsel, and/or such attorney's communications during the deposition about her testimony in that deposition." *Wade Williams Distrib., Inc. v. Amer. Broadcasting Cos.*, No. 00 Civ. 5002, 2004 WL 1487701, at *1 (S.D.N.Y. Jun. 30, 2004) (quoting *Peralta*, 190 F.R.D. at 40).[1] The court in *Peralta* reached the following conclusion:

---

[1] The instant case may be different from *Peralta* in that counsel for Defendant also represents the former employee, at least for purposes of his deposition. However, this was also the case in *Wade Williams Distribution, Inc. v. American. Broadcasting Cos.*, No. 00 Civ. 5002, 2004 WL 1487701 (S.D.N.Y. Jun. 30, 2004), where the Court allowed Plaintiff to continue the deposition of the former employee "in accordance with the rules set forth in *Peralta*." *Wade Williams Distrib.*, 2004 WL 1487701, at *2.

3

> The distinction drawn by the Court between attorney-client privileged and non-privileged communications with former employees should not be difficult to apply if the essential point is kept in mind: did the communication relate to the former employee's conduct and knowledge, or communication with defendant's counsel, during his or her employment? If so, such communication is protected from disclosure by defendant's attorney-client privilege under *Upjohn*. As to any communication between defendant's counsel and a former employee whom counsel does not represent, which bear on or otherwise potentially affect the witness's testimony, consciously or unconsciously, no attorney-client privilege applies.

*Peralta*, 190 F.R.D. at 41-42. Since *Peralta*, district courts within the Second Circuit have followed this approach to determine whether the attorney-client privilege applies to communications between a former employee of a corporate party and corporate counsel, occurring after the period of employment. *See, e.g.*, *Wade Williams Distrib., Inc.*, 2004 WL 1487701, at *1; *Nicholls*, 2009 WL 2277869, at *2; *Price*, 2008 WL 2388709, at *1; *Export-Import Bank of the United States*, 232 F.R.D. at 112. Additionally, "communications between a corporation's counsel and former employee which are counsel's 'legal conclusions or legal opinions that reveal [the corporation's] legal strategy' may be protected by the work-product doctrine." *Nicholls*., 2009 WL 2277869, at *2 (quoting *Peralta*, 190 F.R.D. at 42); *see also Surles v. Air France*, No. 00 Civ. 5004, 2001 WL 815522, at *6 (S.D.N.Y. July 19, 2001) (citation omitted).

In light of the applicable case law, the Court finds that any communication between counsel and Mr. Done, occurring after Mr. Done's employment at AT&T, that goes beyond Mr. Done's knowledge of the circumstances of plaintiff's employment and termination, and beyond Mr. Done's activities within the course of her employment with AT&T, is not protected by the attorney-client privilege. *See Peralta*, 190 F.R.D. at 41. If, for example, counsel "has advised or

informed [Mr. Done] of something he did not know, including 'facts developed during the litigation, such as testimony of other witnesses,' or any other facts which might 'influence a witness to confirm or adjust her testimony to such information,' or 'how a question should be handled,'" such communications are not privileged and, therefore, must be produced. *Price*, 2008 WL 2388709, at *1 (quoting *See Peralta*, 190 F.R.D. at 41).

Additionally, Defendant asserts that some of the communications at issue may be protected by the work product doctrine. Generally, under Rule 26, "the work product doctrine applies to documents and tangible things, as well as mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Peralta*, 190 F.R.D. at 42 (quoting *Hydramar, Inc. v. Gen. Dynamics Corp.*, 119 F.R.D. 367, 372 (E.D. Pa. 1988) ("The work product doctrine does in a very limited way operate to circumscribe the scope of depositions upon oral examination.") (internal quotation marks omitted)). Accordingly, to the extent that communications between Defense counsel and Mr. Done are specifically counsel's conclusions or opinions, they may be covered by work product protection under Rule 26. *Id*. ("Since the purpose of the work product doctrine is not to protect the evidence from disclosure to the outside world, but rather to protect it only from the knowledge of opposing counsel and his client, it follows that disclosure of [work product information] to third persons does not waive the work-product immunity.") (Citation and internal quotation marks omitted). The Court notes that, as the court in *Peralta* directed, "[w]hile plaintiff's counsel will therefore be precluded from asking [Mr. Done] explicitly about [counsel's] legal conclusions or legal opinions that reveal defendant's legal strategy, the work product doctrine will not preclude inquiry into other non-privileged communications as set out above." *Peralta*, 190 F.R.D. at 42.

5

## III. CONCLUSION

Although Defendant has withheld all communications between counsel and Mr. Done on the grounds of attorney-client privilege and work-product doctrine, there is no indication that Defendant has produced a privilege log as required. Accordingly, Defendant is directed to immediately produce a privilege log for all communications which, in light of this Order, counsel still maintains are privileged. Defendant is further directed to immediately produce all communications between counsel and Mr. Done which are not protected by the attorney-client privilege or the work product doctrine pursuant to the parameters set forth above.

**SO ORDERED.**

Dated: Central Islip, New York
September 20, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge